AO 91 (Rev. 11/11)  Criminal Complaint (Rev. by USAO on 3/12/20)    ☐ Original   ☐ Duplicate Original

| LODGED<br>CLERK, U.S. DISTRICT COURT<br><br>**7/7/2025**<br><br>CENTRAL DISTRICT OF CALIFORNIA<br>BY: _____ MMC _____ DEPUTY |
|---|

# UNITED STATES DISTRICT COURT

for the

Central District of California

| FILED<br>CLERK, U.S. DISTRICT COURT<br><br>**7/7/25**<br><br>CENTRAL DISTRICT OF CALIFORNIA<br>BY: _____ MR _____ DEPUTY |
|---|

United States of America

v.

Robert Gene Strong,

      Defendant(s)

Case No.  2:25-MJ-04149-DUTY

## CRIMINAL COMPLAINT BY TELEPHONE
## OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of July 5, 2025 in the county of Los Angeles in the Central District of California, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 111(a)(1) | Assaulting, Resisting, or Impeding a Federal Officer |

This criminal complaint is based on these facts:

  *Please see attached affidavit.*

☒ Continued on the attached sheet.

/s/
_____
*Complainant's signature*

Ryan M. Ribner, Special Agent
_____
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date:  July 7, 2025

_____
*Judge's signature*

City and state:  Los Angeles, California

Hon. Pedro V. Castillo, U.S. Magistrate Judge
_____
*Printed name and title*

AUSA: Juan M. Rodriguez (x0304)

## **AFFIDAVIT**

I, Ryan M. Ribner, being duly sworn, declare and state as follows:

## I. **PURPOSE OF AFFIDAVIT**

1.    This affidavit is made in support of a criminal complaint and arrest warrant against Robert Gene STRONG ("STRONG") for a violation of 18 U.S.C. § 111(a)(1) (Assaulting, Resisting, or Impeding a Federal Officer).

2.    The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses.  This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and arrest warrant and does not purport to set forth all of my knowledge of or investigation into this matter.  Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and part only.

## II. **BACKGROUND OF RYAN RIBNER**

3.    I am a Supervisory Special Agent ("SSA") with the Department of Homeland Security ("DHS") United States Immigration and Customs Enforcement ("ICE"), Homeland Security Investigations ("HSI").  I currently supervise the Cyber Financial investigations group at the HSI Los Angeles office.  I have been employed with HSI since 2009, and I have also been assigned to HSI Arizona, HSI Attaché Montreal, Canada, and HSI Chicago, Illinois.  Prior to my employment with HSI, I was

employed for approximately seven years as a full-time Illinois certified police officer for two police departments located in the Chicagoland area. In connection with my official duties I have personally conducted, managed, and participated in investigations which have resulted in the arrest, prosecution, and dismantlement of trans-national and domestic criminal organizations for various offenses to include identity theft, money laundering, human smuggling, narcotics trafficking and various frauds. I hold a certification as an anti-money laundering specialist ("CAMS") from the Association of Anti-Money Laundering Specialists ("ACAMS"), a graduate certificate in Law Enforcement Intelligence Operations from the Michigan State University, a Master of Arts degree from Webster University, and a Bachelor of Arts degree from the University of Michigan.

## III. <u>STATEMENT OF PROBABLE CAUSE</u>

4. Based on my review of law enforcement reports, body work camera ("BWC"), conversations with other law enforcement agents, and my own knowledge of the investigation, I am aware of the following:

### A. **STRONG Punched Agent Velez Several Times**

5. On July 5, 2025, at approximately 10:30 a.m., HSI Special Agent Madison Rovelli, along with U.S. Border Patrol ("USBP") Agent Gregory Simeon, and USBP Agent Christopher Velez (hereinafter collectively, "DHS Agents") entered a retail establishment's parking lot at 21218 Roscoe Boulevard, Canoga Park, California, which is within the Central District of

California.  DHS Agents were there to conduct consensual-encounter immigration enforcement.

6.   The DHS Agents were all dressed in clothing that clearly identified them as law enforcement.  For example, Agents Simeon and Velez were clothed in a green USBP uniform and tactical vests that read "police" in bright yellow letters. Agent Rovelli was wearing a blue "HSI" t-shirt and a green tactical vest that read "police" also in bright yellow letters.

7.   Upon arrival in the parking lot, DHS Agents Rovelli and Velez exited their unmarked car and saw two unknown men. These two men immediately fled on foot in opposing directions, one going eastbound through the parking lot while other fled westbound in the parking.  DHS Agents had reasonable suspicion to believe that the pair were illegally present in the United States, in violation of 18 U.S.C. § 1325, based on their immediate instinct to run from the DHS Agents, especially since they wore attire clearly indicating they were law enforcement and/or associated with DHS.

8.   DHS Agents Rovelli and Simeon began a foot pursuit of one of the fleeing men ("UM1") who departed in an eastbound direction.  Agent Rovelli verbally identified herself as law enforcement by yelling "police" and instructing UM1 to "stop" running.  Agent Rovelli eventually attempted to get UM1 under physical control by placing her hands on his body, but UM1 continued to pull away and shove Agent Rovelli as she told him to "stop resisting."  Agent Simeon assisted Agent Rovelli in placing UM1 in handcuffs to arrest him.

9.   As the DHS Agents were escorting UM1 across the parking lot, agents observed Agent Velez on the westside of the parking lot being physically attacked by an unknown man, later determined to be Robert Gene Strong ("STRONG"), as Agent Velez attempted to effectuate an arrest on the other man who fled from law enforcement ("UM2").

10.  Agent Velez stated that STRONG punched him in the back multiple times, swung in Agent Velez's direction multiple times but did not make contact, and kicked Agent Velez on the left side of his body, despite Agent Velez instructing STRONG to stop.

11.  As she approached Agent Velez's position, Agent Rovelli saw STRONG, who was wearing a brown shirt stating "FUCK ICE" and grey pants, pulling on Agent Velez's arm while striking Agent Velez in the back.  Below is a screenshot from Agent Rovelli's BWC:



12.    As Agent Rovelli approached STRONG, she deployed her expandable baton and struck STRONG on the right calf area of his body[1] to get STRONG to disengage and create distance between STRONG and Agent Velez.

**B.    STRONG Assaulted Agent Velez with a Baton**

13.    After being struck, STRONG took a step backwards and raised his hands in the air in a compliant manner.  Agent Rovelli dropped her baton on the ground to free her hands to promptly take control of STRONG, and he proceeded to grab both of her arms to prevent Agent Rovelli from taking him into custody.  Below are screenshots from Agent Rovelli's BWC:

 

---

[1] Agent Velez stated that Agent Rovelli swung her baton but did not strike STRONG.

14.   STRONG then pushed Agent Rovelli away from him and picked up Agent Rovelli's baton from the ground with his right hand.  According to Agent Rovelli, STRONG got into a "boxer's stance" and loaded the baton over his head in a gesture consistent with him posturing to take a strike at her with the baton.

15.   Agent Velez ran toward STRONG to intervene in his assault on Agent Rovelli.  STRONG then raised the baton to strike Agent Velez and struck Agent Velez,[2] as Agent Velez tackled STRONG to the ground.  Below are screenshots from Agent Rovelli's BWC showing this encounter.  Agents Rovelli and Velez then placed STRONG in custody.

 

_____

    [2] Agent Velez said the baton struck him; Agent Rovelli saw STRONG attempt to strike Velez but from her perspective, Agent Velez tackled STRONG before the baton struck Agent Velez.

C.    STRONG's **Mirandized** Interview

16.  On July 5, 2025, at approximately 1:45 p.m., two federal agents and I interviewed STRONG.  After one of the federal agents read STRONG his Miranda Rights, STRONG signed a document acknowledging his Miranda Rights and agreed to speak with me and the other agents.  Among other things, he said the following:

      a.    STRONG and others went out to check retail establishment parking lots for Immigration and Customs Enforcement (ICE) activity.  STRONG refused to provide the names of others involved in the activities and said he would want a lawyer present to talk about that topic.  STRONG did not unequivocally ask for an attorney and kept talking to me and the other agents about additional topics.

      b.    STRONG admitted to seeing agents attempting an arrest and intervening in that arrest by tugging on the clothing of one of the agents.  When I asked STRONG how he knew the individuals conducting the arrests were agents, he said he knew they were agents because of the vests and equipment that the agents were wearing.

      c.    I told STRONG that he also picked up a baton and hit an agent.  STRONG said that he did not know that he did that but agreed that he probably did.  STRONG stated that he retrieved the baton because he did not want the agent to use it again on him.

## IV. <u>CONCLUSION</u>

17. For all of the reasons described above, there is probable cause to believe that Robert Gene Strong has committed a violation of 18 U.S.C. § 111(a)(1) (Assaulting, Resisting, or Impeding a Federal Officer).

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this  7th   day of July, 2025.

_____
HONORABLE PEDRO V. CASTILLO
UNITED STATES MAGISTRATE JUDGE

8